·JOHN DOSH V. THE STATE.

No. 2706.    Decided December 17, 1913.

1.—Robbery—Statement of Facts.

Where the statement of facts and bills of exception were not filed within ninety days after adjournment, the same could not be considered on appeal.

2.—Same—No Degrees in Robbery—Verdict.

Where the indictment alleged that the robbery was committed by the use of deadly weapons, and the verdict found him guilty as charged in the indictment and assessed his punishment at five years' imprisonment in the penitentiary, the same was sufficient; there are no degrees in the offense of robbery. Following Green v. State, 66 Texas Crim. Rep., 446.

Appeal from the District Court of Grayson. Tried below before the Hon. W. J. Mathis, Special Judge.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Burton Richards* and *John C. Wall,* for appellant.—On question of insufficiency of verdict: Evans v. State, 122 S. W. Rep., 393; Wyatt v.

State, 124 S. W. Rep., 930; Cabor v. State, 107 S. W. Rep., 1121; Sale v. State, 132 S. W. Rep., 1123; Scott v. State, 131 S. W. Rep., 1072; Moody v. State, 105 S. W. Rep., 1127.

_C. E. Lane_, Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—The appellant was convicted of robbery and his punishment fixed at five years in the penitentiary,—the lowest prescribed by law.

The statement of facts and bills of exception were filed in the court below 159 days after the adjournment of the court at which appellant was tried. Upon the motion of the Assistant Attorney-General both the statement of facts and all the bills of exception are struck out, as ninety days is the longest time after adjournment in which either can be filed.

There is but one question which can be considered in the absence of a statement of facts and bills of exception. The indictment properly charged robbery and in order to authorize the jury to assess the death penalty, it further charged that the robbery was committed by using and exhibiting deadly weapons. The verdict of the jury was: "We, the jury, find the defendant guilty as charged in the indictment and assess his punishment at five (5) years confinement in the penitentiary." Appellant contends that this verdict is invalid and the judgment must be set aside because it does not find of what degree of robbery appellant was guilty. There are no degrees of robbery. Robbery, however committed, is only one offense. If the State seeks to inflict capital punishment it is necessary to allege that the robbery was committed by exhibiting a firearm or deadly weapon, and, unless this is alleged, the jury cannot inflict the death penalty. The verdict in this case was clearly sufficient. Green v. State, 66 Texas Crim. Rep., 446, 147 S. W. 593.

There is no other question raised which can be considered in the absence of a statement of facts and bills of exception. The judgment is, therefore, affirmed.

*Affirmed.*